IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CLIFFORD L. TAYLOR, | X | |
| Petitioner, | X | |
| vs. | X | No. 05-2750-Ma/P |
| DAVID MILLS, | X | |
| Respondent. | X | |

ORDER CORRECTING THE DOCKET
ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner Clifford L. Taylor, Tennessee Department of Correction ("TDOC") prisoner number 68980, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2241 on October 6, 2005,[1] along with a motion seeking leave to proceed in forma pauperis. Based on the information set forth in the petitioner's affidavit,

---

[1]   Although the petition states, on its face, that it is brought pursuant to 28 U.S.C. § 2241, the docket lists the case as a petition pursuant to 28 U.S.C. § 2254. The Clerk is ORDERED to correct the docket to reflect that this is a § 2241 petition.

the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the respondent as WTSP Warden David Mills.

I.   PROCEDURAL HISTORY

After a jury trial in the Shelby County Criminal Court, Taylor was convicted on September 15, 1980 of two counts of aggravated kidnapping and was sentenced to thirty (30) years imprisonment. He was also convicted of armed robbery and sentenced to fifteen (15) years imprisonment on that charge. Upon a finding that the defendant was an habitual criminal, the armed robbery sentence was enhanced from fifteen years to life. The two sentences for aggravated kidnapping were ordered by the trial judge to be served concurrently with each other but consecutively to the enhanced armed robbery sentence. The trial judge further ordered that the three sentences imposed in this case be consecutive to a twenty-five (25) year sentence for a previous conviction for which the defendant was on parole. The Tennessee Court of Criminal Appeals affirmed. State v. Taylor, 628 S.W.2d 42 (Tenn. Crim. App. Dec. 3, 1981), perm. app. denied (Tenn. Feb. 22, 1982).

Taylor filed a petition pursuant to the then-current version of the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ §§ 40-30-101 to -124, in the Shelby County Criminal Court on January 28, 1986. The postconviction court appointed counsel, who filed an amended petition. The postconviction court conducted an evidentiary hearing on May 8, 1986 and, on May 23, 1986, filed its findings of fact and conclusions of law denying the petition.

The Tennessee Court of Criminal Appeals affirmed. Taylor v. State, No. 49, 1987 WL 13689 (Tenn. Crim. App. July 15, 1987).

On or about January 30, 1987, Taylor filed a petition for a writ of habeas corpus, pursuant to Tenn. Code Ann. § 29-21-101 et seq., in the Shelby County Criminal Court, which the trial judge treated as a second postconviction petition and dismissed without a hearing on the ground that all the issues had been waived, previously determined, or were without merit. The Tennessee Court of Criminal Appeals affirmed. Taylor v. State, No. 15, 1989 WL 34129 (Tenn. Crim. App. Apr. 12, 1989), perm. app. denied (Tenn. July 3, 1989).

In May, 1988, Taylor filed a third postconviction petition in the Shelby County Criminal Court in which he asserted that his previous postconviction counsel had rendered ineffective assistance. The postconviction court dismissed the petition without an evidentiary hearing, and the Tennessee Court of Criminal Appeals affirmed, Taylor v. State, C.C.A. No. 100, 1989 WL 126732 (Tenn. Crim. App. Oct. 25, 1989), appeal dismissed (Tenn. Nov. 13, 1990).[2]

Taylor filed his first pro se petition pursuant to 28 U.S.C. § 2254 in this district on October 10, 1989, and he filed an amended petition on December 3, 1990. After a response had been filed and a report and recommendation issued by the magistrate judge, District Judge Jon Phipps McCalla issued an order on June 4,

---

[2] Taylor apparently was subsequently given leave to file an application for permission to appeal to the Tennessee Supreme Court, which was denied on October 14, 1996.

3

1993 dismissing the petition. Taylor v. Morgan, No. 89-2897-Ml/Bre (W.D. Tenn.). Judgment was entered on June 21, 1993. The United States Court of Appeals for the Sixth Circuit denied a certificate of probable cause. Taylor v. Morgan, No. 93-5940 (6th Cir. Mar. 3, 1994).[3]

On January 26, 1994, Taylor filed a fourth postconviction petition in state court challenging his sentence as an habitual criminal. On the same date, Taylor filed two petitions for a writ of habeas corpus, pursuant to Tenn. Code Ann. § 29-21-101 et seq., and a motion to consolidate the three petitions. On February 17, 1994, the trial court dismissed all three petitions without appointment of counsel or an evidentiary hearing. The Tennessee Court of Criminal Appeals affirmed. State v. Taylor, No. 02C01-9403-CR-00053, 1994 WL 673138 (Tenn. Crim. App. Nov. 30, 1994), perm. app. denied (Tenn. Mar. 6, 1995).

Taylor filed a second pro se petition pursuant to 28 U.S.C. § 2254 in this district on June 9, 1995, asserting claims that had been rejected in his first petition. Taylor's second

---

[3] Taylor and two other inmates filed a pro se petition for a declaratory judgment seeking judicial review of the decision of the Parole Eligibility Review Board (the "Board") denying them amended release eligibility dates. Pursuant to the Criminal Sentencing Reform Act of 1989, Tenn. Code Ann. § 40-35-602 (the "Act"), if a habitual criminal had been convicted prior to the passage of the Act, the Board was authorized to compare his current release eligibility date to the release eligibility date he would have had if he had been convicted after passage of the Act. If the new release eligibility date was earlier than his current date, the Board was authorized to amend the current date to reflect the earlier date. The Act was amended in 1993 to prevent the Board from reviewing those inmates convicted as habitual criminals if the triggering offense was an offense against the person. The Board was given complete discretion to modify the inmate's release date. Taylor and the other inmates had been denied amended release eligibility dates, and the Tennessee Court of Appeals held there was no jurisdiction to review those decisions, Jeffries v. State of Tennessee, No. 01-A-01-9406-CH00281, 1995 WL 1689 (Tenn. Ct. App. Jan. 4, 1995).

4

petition also complained about the State's refusal to extend him the benefits of a special parole review process. <u>Taylor v. Raney</u>, No. 95-2456-Ml/V (W.D. Tenn.). District Judge Jon Phipps McCalla issued an order on November 3, 1995, dismissing the claims about his parole or release date as not cognizable in a § 2254 petition, directing the petitioner to show cause why the petition should not be dismissed as barred by former Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, which authorized district judges to dismiss second or successive petitions, and directing the respondent to respond to the petition. Respondent filed a motion to dismiss on January 12, 1996 and, on June 25, 1996, Judge McCalla granted the motion to dismiss the petition with prejudice. Judgment was entered on August 21, 1996. Judge McCalla denied a certificate of appealability on January 31, 1997. Taylor filed a notice of appeal on February 14, 1997, and the Sixth Circuit dismissed the appeal for want of jurisdiction, <u>Taylor v. Raney</u>, No. 97-5248 (6th Cir. Mar. 27, 1997).[4]

Taylor subsequently filed a petition for a writ of habeas corpus in an unspecified state court arguing that the enhanced sentence provided by the habitual offender statute, Tenn. Code Ann. § 39-1-806 (repealed 1989), violated the doctrine of collateral estoppel under the double jeopardy clause of the United States and

---

[4] Taylor filed an earlier notice of appeal in this case on July 17, 1996, which was docketed in the Sixth Circuit as case no. 96-6004. That appeal was held in abeyance pending a decision in <u>Lyons v. Ohio Adult Parole Authority</u>, 103 F.3d 1063 (6th Cir. 1997), which involved the authority of district courts to issue certificates of appealability. The Sixth Circuit ultimately denied a certificate of appealability. <u>Taylor v. Raney</u>, No. 96-6004 (6th Cir. June 17, 1997).

5

Tennessee Constitutions. The trial court denied the petition, and the Tennessee Court of Criminal Appeals affirmed, Taylor v. State, No. 02C01-9703-CC-00098, 4885, 1997 WL 284710 (Tenn. Crim. App. May 30, 1997), perm. app. denied (Tenn. Mar. 16, 1998).

Taylor filed a third § 2254 petition in the United States District Court for the Middle District of Tennessee on September 15, 1997, which District Judge Todd Campbell transferred to this district on September 18, 1997.[5] The petition was docketed in this district on October 17, 1997 and, on October 31, 1997, Judge McCalla issued an order transferring the petition to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Taylor v. Hesson, No. 97-2951-Ml/V (W.D. Tenn.). The Sixth Circuit denied leave to file a second or successive petition on June 18, 1998.

Taylor subsequently filed a declaratory judgment action in the Davidson County Chancery Court in which he contended that the TDOC had improperly calculated his release date. The action was, in effect, a challenge to his designation as a Class X offender, and he sought recalculation of his sentence without that enhancement. The trial court dismissed the petition, and the Tennessee Court of Appeals affirmed, Taylor v. State, No. M1999-02418-COA-R3-CV, 2001 WL 840276 (Tenn. Ct. App. July 26, 2001).

On May 8, 2003, Taylor filed a motion for arrest of judgment in the Shelby County Criminal Court. In that filing,

---

[5] As Taylor was, at that time, incarcerated in this district, it appears that he filed his petition in the Middle District of Tennessee to evade the restrictions on successive § 2254 petitions.

Taylor argued that the judgments entered against him were constitutionally void. Specifically, he argued, <u>inter alia</u>, that the indictments (i) failed to allege all essential elements of the offenses charged; (ii) failed to cite statutory authority for the offenses charged; and (iii) charged two offenses in one indictment. The trial court denied relief and the Tennessee Court of Criminal Appeals affirmed, holding that "[t]he petition is not proper as either a motion in arrest of judgment, petition for post-conviction relief, or application for writ of habeas corpus relief," <u>Taylor v. State</u>, No. W2003-02198-CCA-R3-PC, 2005 WL 578825, at *1 (Tenn. Crim. App. Mar. 11, 2005), <u>perm. app. denied</u> (Tenn. June 20, 2005).

On August 11, 2005, Taylor filed an application with the Sixth Circuit, pursuant to 28 U.S.C. § 2244(b)(3), for leave to file a second or successive § 2254 motion. <u>In re Taylor</u>, No. 05-6223 (6th Cir.). This application is pending.

II.  PETITIONER'S FEDERAL HABEAS CLAIMS

Taylor has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he raises the following issues:

1.  Whether the indictments rendered against Taylor by the Shelby County grand jury were void and defective for failing to charge an offense;

2.  Whether the dual charges raised in the indictments denied Taylor a full and fair trial by a jury of his peers;

3.  Whether Taylor's sentence of conviction was imposed in direct contravention to the statutory guidelines governing jury sentencing; and

7

    4.    Whether Taylor's judgment of conviction is void and unconstitutional and should be vacated.

The issues raised in this petition are similar to those raised by Taylor in his motion for arrest of judgment, which was filed in 2003.

### III. ANALYSIS OF THE MERITS

The first issue to be considered is the proper characterization of this petition, which Taylor purports to bring pursuant to 28 U.S.C. § 2241. Taylor is a state prisoner in custody pursuant to the judgment of a state court. Challenges to state judgments ordinarily are brought pursuant to 28 U.S.C. § 2254. In this case, Taylor is unable to file another § 2254 petition without first obtaining authorization from the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3). The Sixth Circuit has held that it is not appropriate for a district court to recharacterize a § 2241 petition as one brought pursuant to 28 U.S.C. § 2254. Martin v. Overton, 391 F.3d 710, 712-14 (6th Cir. 2004). Accordingly, the Court will not recharacterize the filing as a § 2254 petition and transfer it to the Sixth Circuit.

The next issue to be considered is whether Taylor should be allowed to use 28 U.S.C. § 2241 to circumvent the procedural restrictions on § 2254 petitions, including the filing of successive petitions and the one-year statute of limitations. The Sixth Circuit has previously endorsed the Seventh Circuit's statement that,

> "when a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's

> under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)"

Greene v. Tennessee Dep't of Corrections, 265 F.3d 369, 371 (6th Cir. 2001) (quoting Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000)) (alteration in Greene); see also Byrd v. Bagley, 37 Fed. Appx. 94, 95 (6th Cir. Feb. 18, 2002) ("Furthermore, we agree with those circuits that have held that regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254.").

Because Taylor is challenging his conviction and sentence, the petition is properly analyzed under 28 U.S.C. § 2254, including the restrictions on second or successive § 2254 petitions contained in 28 U.S.C. § 2244(b). Long v. Commonwealth of Kentucky, 80 Fed. Appx. 410, 414-15 (6th Cir. Aug. 21, 2003), cert. denied, 540 U.S. 1221 (2004); Byrd, 37 Fed. Appx. at 95. This is the fourth petition Taylor has filed in federal court seeking to challenge his state conviction and sentence. None of the claims presented in this petition was presented in a previous § 2254 petition and, therefore, the petition is not subject to dismissal pursuant to 28 U.S.C. § 2244(b)(1). Because Taylor has not received prior approval from the Sixth Circuit, pursuant to 28 U.S.C. § 2244(b)(3), this Court is not authorized to consider the merits of those claims. Accordingly, the Court DISMISSES the petition without prejudice to

its consideration if Taylor obtains leave from the Sixth Circuit to file a second or successive § 2254 petition.

IV.  APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). A state prisoner who challenges his conviction or sentence under § 2241 must obtain a certificate of appealability in order to take an appeal. Greene v. Tennessee Dep't of Corrections, 265 F.3d at 372.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

10

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the

11

debatability of the underlying constitutional claim, not the resolution of that debate.").[6]

In this case, there can be no question that any appeal by this petitioner on any of the issues raised in this petition does not deserve attention because this Court is not authorized to consider a fourth § 2254 petition without authorization from the Sixth Circuit. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

---

[6] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 19th day of December, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02750 was distributed by fax, mail, or direct printing on December 21, 2005 to the parties listed.

Clifford Louis Taylor
68980
WEST TENNESSEE STATE PRISON
P.O. BOX 1150
Henning, TN 38041--100

Honorable Samuel Mays
US DISTRICT COURT